UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SHELY GREEN, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION FILE NO. |
| v. | : | |
| | : | |
| CITY OF ATLANTA, GEORGIA, | : | |
| | : | JURY TRIAL DEMANDED |
| Defendant. | : | |
| | : | |

## COMPLAINT

Plaintiff SHELY GREEN files this action asserting a claim against Defendant under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., ("FLSA") for unpaid overtime on the grounds set forth below:

1.

Shely Green ("Green") is a citizen who resides within the Northern District of Georgia.

2.

Defendant City of Atlanta is a municipal corporation under the laws of the State of Georgia. It may be served with process through its Mayor, Kasim Reed, Atlanta City Hall, Suite 2400, 55 Trinity Avenue, S.W., Atlanta, Georgia 30303.

3.

This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §1331 and 29 U.S.C. §216(b).

4.

Venue is proper in this judicial district.

5.

Plaintiff is an employee of the City of Atlanta within the meaning of the FLSA. The City of Atlanta is an employer covered under the Act.

6.

Plaintiff began working for the City of Atlanta Fire Rescue Department as an Investigator – Senior on September 26, 2013.

7.

Plaintiff was hired as a non-exempt employee under the FLSA and performed duties consistent with her classification.

8.

Plaintiff worked regularly for the City in the position for which she was hired.

9.

On occasions when Green worked overtime, the City paid her an overtime premium of 1.5 times her regular hourly pay rate until April, 2014.

10.

The city failed to pay Green overtime beginning on April 18, 2014 and continuing until at least July 15, 2016.

11.

After receiving her pay check on April 18, 2014, Green sought assistance from the Atlanta Fire Rescue Business Manager and the City's Human Resource office.

12.

On May 1, 2014, the City informed Green that due to "some changes/ updates to the Fair Labor Standards Act" her position was reclassified as "exempt" from overtime.

13.

Green's job duties did not change between September 23, 2013 and April 18, 2014.

14.

The City's classification of Green as working in an exempt position was erroneous because she performed the duties of a non-exempt employee.

15.

The City's decision to deny overtime wages to Green violated the FLSA.

16.

The City did not resolve Green's concerns about her overtime pay.

17.

Green unsuccessfully attempted to resolve her concerns through the City's Department of Human resources for two years.

18.

Green filed a formal grievance with the City on April 25, 2016 setting forth her claim for unpaid overtime and disputing her exempt classification.

19.

On or about May 2, 2016, the City agreed with Green and determined that her position would be reclassified as non-exempt.

20.

The City reclassified Green, gave her a new title of "Recruiter Coordinator"

and resumed paying her overtime in July of 2016.

21.

Green's job duties remained the same.

22.

The City has failed to resolve Green's claim for overtime pay between April 18, 2014 and July 22, 2016, despite promises to do so.

23.

Green estimates that she has not been paid her overtime premium for 269.43 compensatory time hours she has <u>already</u> <u>used</u>.  She further estimates that she has not received credit for 201.37 hours of <u>unused</u> compensatory time.

24.

Defendant's actions resulted directly in financial harm to Green, including unpaid overtime, liquidated damages, costs, and attorney's fees.

25.

Defendant's actions were intentional so that a three-year limitation period should apply.  Alternatively, the statute of limitations should be tolled to at least April 1, 2016 because Green delayed filing this action, relying on the City's representations that it would correct her misclassification and pay her for all

unpaid overtime worked.

**WHEREFORE**, Plaintiff prays that this Court find Defendant violated the FLSA and award the following relief:

(a) Award Plaintiff her unpaid overtime;

(b) Award liquidated damages in an amount equal to Green's unpaid overtime;

(c) Award prejudgment as appropriate;

(d) An award of all equitable remedies available under the law to effectuate the purposes of the Act;

(e) An award of attorneys' fees and costs;

(f) A trial by jury on all issues so triable; and

(g) Such other and further relief this Court deems just, equitable and proper.

        /s/ Andrew Y. Coffman
Andrew Y. Coffman
Georgia Bar No. 173115
acoffman@pcwlawfirm.com

PARKS CHESIN & WALBERT, PC
75 14th Street, N.E., 26th Floor
Atlanta, Georgia 30309-3604
Telephone: (404) 873-8000
Facsimile: (404) 873-8050

*(Signatures Continued on Page 7)*

                                    *Wm. Thomas Craig*
                                    Wm. Thomas Craig
                                    Georgia Bar No. 193075
                                    wtcraig@wtcraig.com

WM. THOMAS CRAIG, LLC
1144 College Avenue
P. O. Box 1587
Covington, Georgia  30015
(770) 786-1320

-7-